Mark Brnovich
Attorney General
Firm State Bar No. 14000

Christopher J. Dylla
Assistant Attorney General
State Bar No. 027114
Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-8389
Facsimile: (602) 542-4273
Email: christopher.dylla@azag.gov
Attorneys for the State of Arizona
 *ex rel*. Arizona Department of Revenue

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DUSTIN J HAMBY,<br>SSN: XXX-XX-5182<br><br>Debtor. | Chapter 13<br><br>Case No. 2:18-bk-03941-PS<br><br>**OBJECTION TO CONFIRMATION OF ORIGINAL CHAPTER 13 PLAN**<br><br>Docket No. 13 |

The State of Arizona *ex rel.* Arizona Department of Revenue ("Department") objects to the *Original Chapter 13 Plan* ("Plan"), filed by Joel S. Hamby ("Debtor") on April 23, 2018, as follows:

1. The Department is the agency empowered and entitled to enforce Arizona tax laws and regulations, including but not limited to individual income taxes, transaction privilege taxes ("TPT") and withholding taxes ("WTH"). A.R.S. §§ 43-208; 42-1004 *et seq*.; 43-101 *et seq*.

2. Debtor is an individual residing in the State of Arizona and upon information and belief

is required to file and pay certain tax liabilities to the Department, including individual income taxes. *See* A.R.S. §§ 43-301, 43-501.

3. Additionally, Debtor owns or owned a limited liability company known as Green Fuel Technologies and is doing or did business as Green Fuel Technologies ("Debtor's Business"). Upon information and belief, Debtor's Business is or was required to file and pay certain tax liabilities to the Department, including TPT and/or WTH taxes. Failure of the Debtor to remit to the Department monies collected for TPT and WTH taxes may create responsible party penalties being assessed against the Debtor personally pursuant to A.R.S. §§ 42-5028, 43-435.

4. The Department filed a proof of claim establishing a priority claim in the amount of $11,925.89, and a general unsecured claim in the amount of $1,708.96. A true and accurate copy of the Department's Original Proof of Claim ("Claim") dated April 30, 2018 is No. 2-1 on the Court's Claims Register. In addition, the Department's Claim indicates that the Debtor has failed to file the tax returns indicated below ("Outstanding Returns"):

| Income | 2017 |
|--------|------|
| TPT    | October 2009, June 2016 through March 2018 |
| WTH    | 2nd, 3rd and 4th Quarter 2010 |

5. As indicated in the Department's Claim, the Debtor has failed to file all tax returns as required by 11 U.S.C. § 1308. Failure of the Debtor to file the Outstanding Returns constitutes cause to convert or dismiss the case. *See* 11 U.S.C. § 1307(e), Local Rule of Bankruptcy Procedure 2084-5. Moreover, the Plan cannot be confirmed until such time that the Debtor files the Outstanding Returns. 11 U.S.C. § 1325(a)(9). Signed, dated, and non-redacted copies of the returns may be sent to michelle.schlosser@azag.gov, which the Department will accept as

filed on the date that they are received by the Attorney General's Office.

6. The Department's Claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8)(A). The Plan is required to provide payment in full of all priority claims, unless the claimant agrees otherwise. 11 U.S.C. § 1322(a)(2). Here, the Department has not agreed to different treatment than what Section 1322 requires and the Plan does not provide for the full payment of the Department's priority claim. Therefore, the Plan cannot be confirmed. 11 U.S.C. § 1325(a)(1).

7. Upon the filing of the petition for relief, the Debtor became a debtor in possession and is acting as a trustee with limited powers. 11 U.S.C. §§1303, 1306(b). *See also In re DiSalvo*, 219 F.3d 1035, 1039 (9th Cir. 2000); *In re Cohen*, 305 B.R. 886, 897 (B.A.P. 9th Cir. 2004). As such, the Debtor is required to "manage and operate property in his possession" "according to the laws to the state in which property is located." 28 U.S.C. §§959(b) and 960. The Debtor is the sole member of Debtor's Business, which under Arizona law has a duty and a requirement to prepare and timely file TPT returns showing the amount that the Debtor's Business is liable for and to timely remit all amounts owed to the Department. A.R.S. §§42-5014(G), 43-401. Therefore, pursuant to 28 U.S.C. §§959(b) and 960, the Debtor also has this duty and requirement while in bankruptcy. To the extent that Debtor's Business, by way of Debtor, does not timely file all postpetition TPT returns and timely pay all postpetition liabilities owing to the Department, the Department conditionally objects to confirmation. 11 U.S.C. § 1325(a)(1).

8. The Department reserves the right to amend, supplement, or withdraw its objection to confirmation.

Conclusion

Any Chapter 13 plan proposed by the Debtor must provide for and eliminate the objections specified herein in order to be reasonable and to comply with applicable provisions of 11 U.S.C. § 1325. Since the Plan, as it is currently proposed, does not comply with 11 U.S.C. § 1325, the Plan cannot be confirmed.

WHEREFORE, the Department prays as follows:

1. That Confirmation of the proposed Chapter 13 Plan be denied, or in the alternative, that the Plan be amended or modified to remedy the Department's objections herein;

2. That failure of the Debtor to amend or modify the Plan to conform with the Bankruptcy Code in a reasonable time, that the Court dismiss or convert this case to a Chapter 7; and

3. For such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 6th day of June, 2018.

MARK BRNOVICH
Attorney General

/s/ CJD No. 027114
Christopher J. Dylla
Assistant Attorney General
Attorney for the State of Arizona
  *ex rel.* Arizona Department of Revenue

ORIGINAL of the foregoing filed electronically this 6th day of June, 2018 with:

United States Bankruptcy Court
Phoenix Division
230 North First Avenue, Suite 101
Phoenix, AZ 85003

COPY of the foregoing sent for mailing or by email* this 6th day of June, 2018 to:

Benjamin J. Wright*
Wright Law Offices
668 North 44th Street, Suite 300
Phoenix, AZ 85008
bwright@wloaz.com
*Attorney for Debtor*

Edward J. Maney*
Chapter 13 Trustee
101 North First Avenue, Suite 1775
Phoenix, AZ 85003
service@maney13trustee.com
*Chapter 13 Trustee*

/s/ Michelle Schlosser
7070823/BCE18-01223