Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 PROCEEDINGS |
| | ) | |
| | ) | CASE NO. # 2: 18-03941-PS |
| DUSTIN J. HAMBY, | ) | |
| | ) | TRUSTEE'S EVALUATION AND |
| | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| | ) | RE: CHAPTER 13 PLAN |
| (Debtor(s) | ) | *Docket #13* |

Edward J. Maney, Trustee, has analyzed the Debtor(s) Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation. <u>In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.</u>

**Specific Recommendations:**

1. The Trustee requires the debtors supply a copy of bank statement that reveals the balance on hand -- in <u>all</u> their bank accounts -- on the date of their filing of their case.

2. America First Credit Union (2015 GMC Yukon), Hughes Federal Credit Union (2011 Four Winds rv), Courtney Hamby and the Arizona Department of Revenue have all filed objections to the Plan.

3. The Internal Revenue Service's *amended* proof of claim dated May 25, 2018 indicated Debtor has not filed income tax returns for 2017. The Trustee requires Debtor to immediately prepare and file all unfiled tax returns. **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

4. The Arizona Department of Revenue's proof of claim [#2] dated April 30, 2018 indicates the Debtor has not filed income tax returns for 2017, unfiled TPT (sales) tax returns for 10-2009 thru 3-2018 and unfiled Withholding returns for 6-2010 thru 12-2010. The Trustee requires Debtor to immediately prepare and file all unfiled tax returns. **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

5. The proof of claim filed by Internal Revenue Service (*amended* claim #3) differs substantially by classification and/or amount from this creditor's treatment under the Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim <u>including payment of the contract rate of interest</u>; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim

6. The Trustee received information from Elite Sales & Marking Group indicating the debtor's schedules fails to list an asset of $653,165.35 note and security which provides the debtor income of $12,020 per month. The Trustee requires:

    a. An explanation why this income and asset were not listed.
    b. An amended Schedule I to include this income and an amended Schedule B to include the note and security agreement.
    c. Plan payments increase – <u>retroactively</u> – beginning May 2018 by $12,020 per month.
    d. Chapter 7 Reconciliation must be revised to include the note's value.
    e. The Trustee must receive a copy of the Note and any other relevant documents.

7. The Plan proposes payment of the secured claims to Alphera Financial (2010 GMC Sierra) and Syncb/Polaris Consumer (2016 Polaris XP1000) who have not filed secured proofs of claim. The Trustee requires the Debtor(s) to provide verification of the creditor's security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provide: "The Trustee has authority to pay on the secured debt owed to Alphera Financial and Syncb/Polaris Consumer even though these creditors have not filed secured proofs of claim, but the Plan and this Order are not an informal proof of claim for any creditor." Alternatively, if the security interest cannot be verified by the Debtor(s), then the Debtor(s) may delete the proposed treatment in a proposed order confirming plan:
    a. pursuant to the language in Section (C)(5) of the Model Plan;
    b. <u>after</u> filing a motion and providing 28 days' notice to the creditor of the intent to delete the proposed secured treatment from the Plan; or
    c. by having the creditor, through its agent/representative or legal counsel, sign the order confirming plan approving the treatment of its claim through the Plan.

8. Considering items #2, #3, #4 and #5 above, the Trustee's analysis reveals a $126,782 funding shortfall, which must be cured before the Plan can be confirmed.

9. The Trustee requires a **completed** and **signed** copy of Debtor(s) 2017 Federal tax returns, W-2's and 1099's. The Trustee informs the debtors that should these returns reveal significant tax refunds, if allowed to continue, this would constitute a diversion of disposable income. In that case, unless the plan is confirmed at 100% repayment to all creditors the Trustee would require the Debtor(s) adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive paystubs to verify this has been corrected or turn over tax refunds 2018, 2019 and 2020 of the Plan as supplemental Plan payments.

10. The debtor returned the Business Questionnaire to the Trustee indicating that, as of June 1, 2018, he "became employed at a new business." As such the Trustee needs representative paystubs from the job and an amended Schedule I giving complete employer information and income amount.

11. The Trustee conditionally objects to Debtor(s) Plan as the Debtor(s) is/are not contributing all projected disposable income to be received in the applicable commitment period to pay unsecured creditors as required by 11 U.S.C. §1325(b)(1)(B). The Trustee may withdraw his objection pending receipt of the information requested above.

12. **The Trustee's review of the Court's Claims Register indicates the debtor is well over the unsecured debt limit for Chapter 13 cases. The Trustee requires the debtor provide proof that he is eligible to be a debtor in a Chapter 13 case.**

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. *__The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any__*. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement must be met given debtors' scheduled equity in non-exempt property at petition date (see item #6 above). **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #3, #4, #6, #8, #9, #10, #11, #12 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

                EDWARD J. MANEY,
                CHAPTER 13 TRUSTEE

By: _Edward J. Maney, Esq._ Digitally signed by Edward J. Maney, Esq. Date: 2018.07.03 13:18:52 -07'00'
Edward J. Maney ABN 12256
CHAPTER 13 TRUSTEE
101 North First Ave., Suite 1775
Phoenix, Arizona 85003
(602) 277-3776
ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Dustin Hamby
11217 W. Jomax Road
Peoria, Arizona 85383
Debtor

Benjamin J. Wright, Esq.
668 North 44th Street
Suite #300
Phoenix, Arizona 85008
Debtor's counsel

By: **Jackie Garcia**

Digitally signed by Jackie Garcia
DN: cn=Jackie Garcia, o=Edward J. Maney, Trustee, ou=File Clerk, email=jgarcia@maney13trustee.com, c=US
Date: 2018.07.05 13:39:35 -07'00'

Trustee's Clerk